FREDERICK SCHULENBURG *et als.*, Appellants, *v.* JAMES BASCOM *et als.*, Respondents.

*Mechanic's Lien—Notice.*—The notice required to be given by § 18 of the "Act relating to mechanics' liens in St. Louis county" (Sess. Acts 1857, p. 668) must be in writing, signed by the party claiming the lien, or his agent, and must state who holds the claim and upon what account accrued, &c. These requisites of the statute cannot be supplied by parol evidence. The act is in derogation of the common law, and must be strictly complied with by every person who asserts a claim of right under it.

### Appeal from St. Louis Land Court.

The following notice was proved to have been served upon the owner of the property:

" Mr. A. H. W. Beckman.—Sir: Please take notice, that we hold a claim amounting to four hundred and thirty-six 66-100ths dollars, for materials furnished by us, under contract with Bascom & Wood, for altering and improving a three-story brick building situated upon the following described property in the city of St. Louis, to-wit [describing the property] : and that, unless our said demand is paid, we will in due time file our lien against said property. St. Louis, June 29, 1860."

Upon the above notice is endorsed the following: "I have this day delivered a copy of the within to A. H. W. Beckman, personally. June 30, 1860.—Ezra Stansberry."

The court declared the law, applicable to the case to be as follows, to-wit:

" The court holds that there is no sufficient proof in this case that plaintiffs gave to the defendant Beckman the notice which is required by the 18th section of an act entitled 'An act for the better security of mechanics and others erecting buildings, and furnishing materials for the same, in the county of St. Louis.' "

And gave judgment in favor of the owner of the property.

*Kehr*, for appellants.

Appellants contend that they fully complied with the requirements of sec. 18 of the act of February 14, 1857—Sess. Acts 1857, p. 668. The only defect complained of is the absence of appellants' signature to the notice given.

I. Notice is defined to be, the making of something known that a person was, or might be, ignorant of. It is either actual—which is a direct notification, either verbal or written, to the person to be affected thereby—or constructive.— Whar. Law Dic.

II. Sec. 18 does not speak of a written notice. A verbal notice, stating that the person giving it "holds a claim against such building, and setting forth the amount and from whom the same is due," is sufficient. In 3 Phil. Ev. 588,

13—VOL. XXXVIII.

Schulenburg et als. v. Bascom et als.

it is said, "a parol notice is as effectual as one in writing, unless there is a stipulation for a written notice."

III. But, granting that the notice should be in writing, the notice given is sufficient. The section does not say that the notice "shall be signed by the party, or any one by him thereto lawfully authorized." When the witness Stansberry gave to defendant Beckman a copy of Exhibit B., and said to him, "this is Schulenburg & Bœckeler's notice to you," that was sufficient.

The rule in construing defective notices, is to inquire whether the party to be notified was misled by the defect. If not, then all the substantial purposes of justice have been complied with and the notice is good.

It is not contended in this case that defendant Beckman was misled in any respect by the absence of appellant's signature to Exhibit B.—Bradley v. Covel, 4 Cow. 60.

*A. M. Gardner,* for respondents.

Any failure or omission on the part of the plaintiffs to meet the requirements of the statute, must and ought to be fatal to their right to recover, especially in so important a particular as the giving of a proper notice, by which alone their proposed lien could be fixed on defendant's property— McCoy's App., 37 Penn. St. R. 125 ; Bottomly v. Grace Ch., 2 Cal. 90.

The 18th section of the act required the appellants to give the defendant Beckman, the owner of the building, ten days' notice before the filing of their lien, and provides what the notice shall contain. The court held that the proof was not sufficient to show that this notice had been given. The service of a mere memorandum, without a signature or anything on the paper itself to indicate whence it came, or to whose claim it was intended to apply, was, by the addition of parol evidence, attempted at the trial to be construed into a notice such as was required by the section of the statute in question.

I. The respondents contend that the signature of the plaintiffs was absolutely necessary to give effect or authority to the notice—Chit. Contr. 317 ; Selby v. Selby, 3 Meriv. 2.

II. Until the alleged notice was signed it was inchoate only, and had no binding or legal existence—Perrin v. Cheesman, 6 Halsted, 174–7 ; Stokes v. Moore, 1 Cox Ch. Cas. 219 ; Rob. on Fraud, 121 ; 2 Phil. Ev. 85.

III. The notice must be strictly such as is required by the lien law—Thomas v. Barbour, 10 Md. 380 ; Beal v. Congr., etc., 1 E. D. Smith, 654.

IV. Parol evidence was inadmissible to give character or efficiency to the alleged notice, even if the witness at the trial could have sworn positively, instead of giving his impressions merely, in the language of the record. Parol evidence is inadmissible to give validity to an instrument defective per se—5 La. 410 ; nor to add to a written instrument—5 Mo. 101.

HOLMES, Judge, delivered the opinion of the court.

The case depends upon the determination of the single question, whether the 18th section, concerning mechanics' liens in the county of St. Louis (Laws of 1856–7, p. 670), requires the notice to be given by a sub-contractor, to be in writing, or whether a verbal notice may be sufficient. We think it must be a notice in writing. It is provided that the sub-contractor " shall give ten days' notice before the filing of the lien, as required by this act, to the owner, owners, or agent, or either of them, that he or they hold a 'claim against such building or improvement, setting forth the amount, and from whom the same is due."

It is not expressly said that the notice must be in writing ; but the general tenor, the object, and the policy of the act, and the nature of the thing, and especially the manifest and almost necessary import of the words " setting forth the amount, and from whom the same is due," would seem to contemplate and imply a written notice. Any other construction would lead to great difficulties and uncertainties in

the practical operation of the act. It is presumed the practice always has been to give a notice in writing. We must hold that such is the proper construction of this section.

The notice which was given was a written paper, but no name was signed to it, nor did it state from whom it came, nor who held the claim. These were essential requisites to make a valid notice—1 E. D. Smith, 654. They cannot be supplied by evidence of verbal information to the same effect. If this could be done in reference to one particular, it could be done as to all, and the whole would be reduced to a merely verbal notice. The act is in derogation of common law, and must be strictly complied with by every person who asserts a claim of right under it. Where a written notice named one only of two persons who were joint defendants in an execution, it was held to be sufficiently explicit to render mistake impossible, and that it gave substantial information of all that was required in that particular case—Alexander v. Brown, 1 Pet. 683. But the same strictness was not required there as in these cases of mechanics' liens, with regard to which the most rigid rules of construction have generally been adopted. It follows that the notice given was not sufficient, and that the instruction given by the court was correct.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace not sitting.