Dwyer Brick Works v. Flanagan Bros. et al.

DWYER BRICK WORKS, Respondent, v. FLANAGAN BROTHERS et al., Defendants; LAURA MYERS et vir., Appellants.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Mechanics' Liens:** AMENDMENT OF PETITION: SUBSTITUTING NEW PLAINTIFF. Plaintiffs' petition to enforce a mechanics' lien alleged that it was a partnership composed of D. and one B. C. Afterwards by leave, it amended its petition dismissing as to B. C. and substituting E. C. in his stead. *Held*, a proper amendment, since the right of parties and the subject of the action were the same.

2. ———: DEFENSE: TRUST: PLEADING: STATUTE. A defendant in an action for purchase price of material, is not required to plead the statute against pools, trusts and conspiracies, but to avail himself of such defense he must plead it affirmatively.

3. ———: NOTICE OF SUBCONTRACTOR: PARTNERSHIP. A notice from a subcontractor to the landowner of his intention to file a lien signed by the firm name is sufficient and is not required to be signed by the names of the individual partners.

4. ———: JUST AND TRUE ACCOUNT: DESCRIPTION OF MATERIAL. A just and true account means a fairly itemized account showing what the materials are and the work that was done, and the price charged, so that it can be seen from the face of the account that the law gives a lien; and an account, a specimen of which is set out in the opinion, in which the material is designated as "Red" and "Hard" without other designation of its nature, is insufficient.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED.

Dwyer Brick Works v. Flanagan Bros. et al.

*R. H. Field* for appellants.

(1) The Missouri Legislative Acts of 1891 and 1895, (Revised Statutes 1899, sections 8966 to 8970, inclusive) make such agreements unlawful and deny a recovery of the purchase price of the material to any person belonging to any combination to raise or maintain prices therefor.     Bailey v. Plumbers of Memphis, 103 Tenn. 99.     (2) "Under the general issue the defendant might prove any fact which went to show the plaintiff never had a cause of action."     Hoffman v. Parry, 23 Mo. App. 23; Scudder v. Atwood, 55 Mo. App. 512.     (3) The statute might require O'Connell ( ?) to plead this defense, but it did not require the appellants to set it up in their answer, because it was competent on the issue of the reasonable market value of the materials—a necessary issue in the case.     McMahon v. Bridwell, 3 Mo. App. 572; Lumber Co. v. Hoos, 67 Mo. App. 277; Deardorff v. Everhartt, 74 Mo. 37; Tyler v. Larimore, 19 Mo. App. 458.     Moreover the testimony is from the plaintiff himself.     Hudson v. Railroad, 101 Mo. 30; Warmington v. Railroad, 46 Mo. App. 171.     (4) The notice of intention to file lien was insufficient.     The names of the persons here claiming the lien are not signed to nor recited in the notice of lein.     When a statute authorizes a person to bring a suit or proceeding it   must be brought in his real name, not in his artificial name or trade name which differs from his real name.     Revis v. Lamme & Bros., 2 Mo. 207; Pollock v. Dunning, 54 Ind. 115; Bliss on Code Pld. (2 Ed.), sec. 145; Dicey on Parties, rule 20, side pp. 148, 149; 2 Chitty's Pld., (17 Am. Ed.), pp 2 and 271; Schulenburg v. Bascom, 38 Mo. 188, 189; Towner v. Remick, 19 Mo. App. 205, 210; Nelson v. Withrow, 14 Mo. App. 270.     (5) The lien account is void because it designates no material.     It has the adjectives "red" and "hard," but omits the name of the article itself.     Red

cedar and red cypress lumber are about as red as red brick. Hard lumber is a more common term than hard brick. These facts are so well known that the courts will take judicial notice of them. Grimes v. Eddy, 126 Mo. 180; Higgins v. Lime, 130 Mass. 3; Brown v. Spillman, 155 U. S. 670. (6) The court erred in allowing the petition in this case to be amended by taking out Bernard Corrigan and substituting Edward Corrigan as co-plaintiff. Grier Bros. v. Assurance Company, 183 Pa. St. 334; Downey v. Higgs, 41 Mo. App. 215; Lumber Co. v. Nelson, 71 Mo App. 110; Construction v. Jones, 60 Mo. App. 8; Dicey on Parties (2 Ed.), rule 21, side p. 151; Clark v. Cable, 21 Mo. 223; Parks v. Richardson, 35 Mo. App. 197. (7) This suit was not commenced "as hereinbefore prescribed" with Edward Corrigan as a party thereto "within ninety days after filing the lien." The amendment making him a party after that time was unauthorized. Bombeck v. Devorss, 19 Mo. App. 38; Lumber Co. v. Wright, 114 Mo. 326; Lumber Co. v. Douglas County, 94 Wis. 322; Vreeland v. Boyle and Bramhall, 37 N. J. L. 346; McFarland v. Schultz, 168 Pa. St. 635; Gault v. Whitman, 34 Md. 35. And did not save the lien from the ninety-day statute of limitation, because the suit as originally filed, in the name of his co-plaintiff Dwyer and Bernard Corrigan, was within the ninety days following the filing of the lien claim. Tiffin v. Leabo, 52 Mo. 49; United States v. Innerarity, 19 Wall. (U. S.) 595; Hawthorne v. State ex rel. Harper, 57 Ind. 286; Sweet v. Jeffries, 67 Mo. 420; Sweet v. Light Co., 97 Tenn. 252; Wood Statute Lim., sec. 293. (8) Striking out the name of Bernard Corrigan and substituting Edward Corrigan as co-plaintiff of Fred J. Dwyer, was not a mere amendment in the ordinary and authorized sense, but a substitution and a change of cause of action. Courtney v. Sheehy, 38 Mo. App. 290; Clements v. Greenwell, 40 Mo. App. 590. (9) The mechanic's lien claimed should

have been rejected in this case as a valid lien in favor of Fred. J. Dwyer and Edward Corrigan. It was not filed in their joint behalf, but in the joint behalf of Fred. J. Dwyer and Bernard Corrigan. Lowis v. Cutter, 6 Mo. App. 55; Vreeland v. Boyle, 37 N. J. L. 346; Lumber Co. v. Nelson, 71 Mo. App. 110; McAdow v. Miltenberger, 75 Mo. App. 346; Wagner v. Hansen, 103 Cal. 107, and cases cited; Stein v. Schultz, 23 Ill. 599; Vancount v. Bushnell, 21 Ill. 625; Brick Co. v. Eng. Co., 180 Ill. 535. (10) There is no claim of any excusable inadvertance whereby the name of Bernard Corrigan instead of Edward Corrigan was used in the lien claim filed. Schulenburg v. Bascom, 38 Mo. 188; Coe v. Ritter, 86 Mo. 278; Lumber Co. v. Nelson, 71 Mo. App. 110; Nelson v. Withrow, 14 Mo. App. 270; McAdow v. Miltenberger, 75 Mo. App. 346.

*Botsford, Deatherage & Young,* for respondents.

(1) Even if the case of these plaintiffs was within that statute, still the defense of the invalidity of plaintiff's contract was not pleaded as a defense in this case by the appellants in their answer. (2) It is next objected that the notice of the filing of the mechanic's lien, and the mechanic's lien itself, were and are void, because they are signed by the plaintiffs who compose a partnership, by and in their partnership name of The Dwyer Brick Works. There is nothing in this point. This precise point was ruled by the Kansas Supreme Court in the case of Lumber Company v. Osborne, 40 Kansas Reports, 168. (3) The next point made by appellants is that the lien filed by respondents is void because it used the adjectives "red" and "hard" to describe the materials sold by respondents for which the lien is prosecuted. The testimony of respondent's witnesses shows that the account in this case was made out in

the usual and customary manner of making such accounts, and that the words "red" and "hard" unmistakably indicated that brick of certain qualities was being described in the account. The account was presented, the notice of the lien given, and the lien filed, in the name of The Dwyer Brick Works. Henry v. Plitt, 84 Mo. 237. (4) The only other point made in the case by appellants is that the court below erred in permitting the respondents to correct the mistake in the name of Mr. Corrigan, one of the plaintiffs, by substituting the word "Edward" for the word "Bernard," as the given name of Mr. Corrigan. No new party was introduced into the case by this amendment, and the decisions cited by appellant's counsel to show that after the lapse of the time for filing the mechanic's lien and bringing a suit thereon, an amendment will not be permitted bringing in a new party, do not apply to this case. See Boisot on Mechanic's Liens, secs. 462, 463, 464 and 465. In the case of Laswell v. Church, 46 Mo. 279, and Newman v. Railroad, 19 Mo. App. 100, the right to make amendments, such as the one that was made in this case in the court below, was recognized. Revised Statutes 1899, section 4210.

BROADDUS, J.—This action was begun on the seventh day of December, 1899, and was tried on the twentieth of June, 1900, at which time finding and judgment were for plaintiff, for $411.50, and sustaining a mechanics lien for that amount against the property of defendants Laura Myers and George M. Myers, who have appealed. The plaintiffs Fred J. Dwyer and Bernard Corrigan sue as partners doing business under the firm name of Dwyer Brick Works. The defendants J. W. Flanagan and August Flanagan are sued as partners doing business under the firm name of Flanagan Brothers, and as subcontractors of defendant Matt O'Connell, original contractor.

The petition alleges a contract between O'Connell, the original contractor, and defendants Myers, the owners of the property against which it is sought to establish the lien; alleges that plaintiffs furnished the material (brick) to the subcontractors that went into the construction of the building on the lots described; alleges notice of the intention of plaintiffs to file their lien and the filing of same in due time as provided by law. The answer admits defendants' ownership of the ground on which the building and improvements were erected; admits that they are husband and wife; admits that O'Connell was the original contractor for the erection of the improvements and that O'Connell was to furnish all the material and labor necessary to build and complete the work. It denies all the other allegations.

During the trial it was shown that Bernard Corrigan had no interest in the partnership, but Edward Corrigan was the partner, whereupon plaintiff was allowed to amend, over the objections of the defendants, by dismissing as to Bernard Corrigan and substituting the name of Edward Corrigan. Appellants claim that this was error and cite Grier Bros. v. Assurance Co., 183 Pa. St. 334. Without entering into a discussion of the effect of the decision in that case, it is sufficient to say that the mechanics' lien law of this State provides that "the pleadings, practice and other proceedings in cases arising under this article shall be the same as in ordinary civil actions and proceedings in circuit courts, except as herein otherwise provided." R. S. 1899, sec. 4210. The code of practice of Missouri is liberal in allowing amendments in furtherance of justice, when they do not change substantially the claim or defense of the parties to the suit: see section 657, *Idem;* and bringing in new parties: see section 658. In dismissing as to Bernard Corrigan and substituting the name of Edward Corrigan, neither plaintiffs' claim nor defendants' defense was

changed in the least.    The rights of parties and the subject of the action were the same.

There was some evidence on the trial that the plaintiffs had entered into a combination with other brickmakers of Kansas City to regulate the selling price of brick in that market. Plaintiff Dwyer in his testimony on cross-examination stated that there was an agreement among the brickmakers regulating the price of brick at the time the brick in suit were furnished, but when recalled he said there was no such agreement among brickmakers, but there was among the bricklayers, and denied having made the statement in his prior evidence.   The point is made that if such was the fact the plaintiffs could not recover. See chapter 143 on pools, trusts and conspiracies, from sections 8966 to 8970, inclusive (Revised Statutes 1899).   As there was no allegation in the character of an affirmative defense in the appellants' answer against plaintiffs' right to recover because they had entered into an unlawful combination with other dealers, such as are prohibited by said chapter on pools, trusts and conspiracies, it was not an issue before the court. That every cause tried by court and jury must be tried upon the issues made by the pleadings, is an indisputable maxim. Section 8970, Revised Statutes 1899, reads:    "Any purchaser of any article or commodity from any individual, company or corporation transacting business contrary to any provision of this article shall not be liable for the price or payment of such article or commodity, and may plead this article as a defense to any suit for such price or payment."    The purchaser is not required to plead the statute.    He may or may not do so, but if he wants to avail himself of the defense, he must plead it. The court was compelled to disregard any evidence offered or introduced in the case tending to show that plaintiffs had entered into such combinations as are prohibited by the statute, because no such issue was involved in the trial.

Objection was made to the notice given of plaintiffs' intention to file their lien, for the reason that the names of the parties constituting the firm were not mentioned, the notice being signed only by the name of the firm "Dwyer Bros. Brick Works." The objection was overruled. In support of their objection, appellants cite among others the case of Schulenburg v. Bascom, 38 Mo. 188. In that case there was only a writing unsigned, which the court properly held to be insufficient. In Miller v. Hoffman, 26 Mo. App. 199, the notice was signed by the partnership name of "Miller & Fathman, by Julian Laughlin, their attorney." The court in passing upon the notice held that it was sufficient and distinguished that case from Schulenburg v. Bascom, supra, saying: "We think the notice was formally sufficient. The claimant's name was signed to it by authority, and it advised the defendant from whom it came, and who held the claim. In all these respects it is essentially different from the notice condemned in Schulenburg v. Bascom:" see, also, Steinmann v. Strimple, 29 Mo. App. 485.

The appellants objected to the introduction of plaintiffs' demand, upon which this action is based, for the reason that the same was not such an account as the statute requires to be filed with the circuit clerk in order to create a lien. The account amounts to $1,520 with credits reducing the claim to $411.50. This paper is called "Exhibit A," and runs thus:

1899.

| | | | |
|---|---|---|---|
| April 19 | 1000 | Red | at $6.50. |
| April 20 | 5000 | Red | at $6.50. |
| May 8 | 18000 | Hard | at $6.50. |
| May | | | at $6.50. |
| May | | | at $6.50. |

The account continues through the balance of May, through to June 23, with an item for most of the days for that

time in each instance marked "hard." On July 24 there is an item again of "red," August 30 item "hard," and closes September 2, item "red." There is not a word in the whole account or in the affidavit attached as to what materials were included under the terms "red" and "hard." The respondents claim that as the account shows that the firm of Dwyer Bros. Brick Works was the claimant, that was a sufficient description of the material in the account, for the reason that the court will take judicial notice that by its name it must be presumed to deal alone in brick; and refers in support of their position to Henry v. Plitt, 84 Mo. 237. The court in speaking of the account in question in that case said:

"It is also objected that the account does not comply with the law in disclosing the character of the items composing it. This objection is not well taken. It is true that in most of the items only figures are used and not words, to indicate the thing as well as the amount furnished. But the heading of the account shows that the figures relate to lumber." But there is no heading to the account in this case "for brick." The figures have nothing to refer to and "hard" and "red" do not indicate the material. In Rude v. Mitchell, 97 Mo. 365, in referring to the statute, the court uses the following language:

"Many things are often included in these building contracts for which the law gives no lien; and when it calls for a just and true account, it means a fairly itemized account showing what the materials are, and the work that was done, and the price charged, so that it can be seen from the face of the account that the law gives a lien." In this case the respondents resorted to extrinsic evidence to explain what was meant by the terms "hard" and "red," but the law is that this must appear upon the face of the account. See, Grace v. Nesbitt, 109 Mo. 19; also, Rude v. Mitchell, supra.

It is true that the tendency of the courts is to a liberal

construction of the mechanics' lien law, because it is in its nature remedial, but they have not yet gone the length of construing away the safe and reasonable restriction, requiring the lienor to file "a just and true account" of his demand.

Cause reversed as to appellants Myers. All concur.