CHICAGO, SOUTH BEND AND LAKE SHORE RAILWAY
COMPANY *v.* WALAS.

[No. 23,809.   Filed April 21, 1922.   Rehearing denied October
10, 1922.]

1. TRIAL.—*Instructions.—Refusal.—Applicability.*—In an action for personal injuries, the refusal of an instruction that plaintiff must prove by a preponderance of the evidence the negligence charged, that as a result he sustained the "fractures complained of," and that if the evidence does not preponderate in his favor on that issue, or is evenly balanced, the verdict must be for defendant, was not error, where the complaint alleged, and the evidence showed, the plaintiff sustained other injuries than the "fractures," and the jury was fully instructed as to the burden resting upon plaintiff to prove by a preponderance of the evidence the material allegations of his complaint. p. 371.

2. TRIAL.— *Instructions.— Omissions.— Cure by other Instructions.*—In an action against a railway company for personal injuries, an instruction that if defendant company had stopped one of its trains at a station to discharge and take on passengers, and plaintiff got on, or attempted to get on, its car with the intention of taking passage and of paying the usual fare, he was a passenger from the time he put his foot on the step, was not erroneous in omitting to state defend-

ant's contention that plaintiff was drunk at the time, and was ordered by the conductor to get off the train, where other instructions fully presented defendant's contentions; there being nothing in such instruction denying the conductor's right to prevent persons from boarding the train for violation of any reasonable rule of the company as to sobriety or behavior. p. 372.

3. APPEAL.—*Amended Brief.—Questions Presented.—Additional Errors.*—Under Supreme Court Rule 22, governing the preparation of briefs, all errors not challenged by appellant's original brief are waived, and cannot be brought before the court by an amended brief. p. 373.

4. WITNESSES.—*Competency.—Physician.—Facts as to Patient's Condition.—Statutes.*—In an action against a railroad company for personal injuries, testimony by defendant's physician as to the intoxicated condition of plaintiff after he was brought, a short time after the injury, to the emergency room of a hospital for surgical treatment by the physician, was properly excluded, as the physician was an incompetent witness within §520, cl. 4, Burns 1914, §497 R. S. 1881, making physicians incompetent witnesses, as to matter communicated to them, by patients in the course of their professional business, though at the time the information was acquired the physician did not know that he was to operate upon plaintiff. p. 374.

From Laporte Superior Court; *Harry L. Crumpacker,* Judge.

Action by Paul Walas against the Chicago, Lake Shore and South Bend Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*F. J. Lewis Meyer,* for appellant.

*Corinne L. Rice, A. H. Ranes, Robert Moore* and *George P. Rose,* for appellee.

EWBANK, C. J.—Appellee sued appellant for damages for personal injuries. The complaint was in ten paragraps. Of those which were not withdrawn from consideration by the jury, some charged that the conductor of appellant's train on which appellee alleged that he was a passenger negligently struck and pushed appellee off the train, and others that the conductor willfully struck and pushed him off with the intention of injuring

him.   The appellant answered by a general denial. Neither brief sets out the pleadings in full.   There was a trial by a jury and a verdict in favor of appellee for $7,000, on which judgment was rendered.   Appellant filed a motion for a new trial which was overruled, and it excepted, and has assigned that ruling as error.

The motion for a new trial specified as error the giving of certain instructions, the refusal to give one asked by appellant, and the exclusion of certain evidence.

Appellant first complains of the refusal to give an instruction requested by it to the effect that—"The plaintiff must prove by a preponderance of the evidence that he was pushed or struck so that he fell from the train, and as a result sustained the fractures complained of, if you find he so claims.   If the evidence does not preponderate in his favor on this issue, or is evenly balanced, then you must find for the defendant."

Appellee's brief asserts that the complaint alleged and the evidence disclosed other injuries than the "fractures" referred to in this instruction, and appellant has not challenged that statement.   If the complaint alleged that plaintiff was "severely cut, bruised and injured in his head, shoulders, back, arms, legs, and * * * otherwise severely injured internally and externally," as well as that his legs were broken, and if there was evidence tending to prove those facts, appellant would not be entitled to an instruction that the verdict must be for the defendant, unless plaintiff had proved by a preponderance of the evidence that as a result of the acts charged he "sustained the fractures complained of." Besides, the jury were fully instructed as to the burden resting upon appellee to prove by a preponderance of the evidence the material allegations of his complaint, and what those allegations were, and as to the necessity of proof by a preponderance of the evidence of each of

the more prominent facts alleged. And the refusal expressly to say, in the language of appellant's requested instruction, that if the evidence did not preponderate in plaintiff's favor on the issue therein mentioned, or was evenly balanced, they must find for the defendant, would not be cause for reversal in any event, in view of the instructions that were given.

There was evidence that appellee, with a two-bushel sack about two-thirds full of potatoes under his arm, which he had carried more than a mile, got on 2. one of the cars in a train on appellant's interurban railroad; that his companion had climbed on with some potatoes in a sack, and pulled appellee's sack of potatoes on the platform, and that appellee was on the steps holding to the rods; that the train started, and while it was moving slowly the conductor told appellee to get off, and pushed him so that his hands gave way, and he fell to the ground; that his companion got off, and the conductor threw the sacks of potatoes after them, and that appellee was severely injured in falling. He testified that he got on the train to ride to East Chicago, with money to pay his fare, and was willing to pay his fare on that train at the time, and that he could not speak nor understand English, and did not understand what the conductor said. The court gave an instruction (numbered 4) that if the jury should find that appellant was a common carrier of passengers and had stopped one of its trains at the station to discharge and take on passengers, and that appellee got on, or attempted to get on, its car with the intention of taking passage to East Chicago, and with the intention of paying the usual fare, and that he was ready and willing to pay his fare when demanded by the conductor in charge, then appellee was a passenger from the time he put his foot on the step and took hold of the grab rails for the purpose of entering the car, if he did so, and

from that time became entitled to the protection which the law requires a carrier to give a passenger.

The objection to this instruction urged by appellant is based upon evidence that appellee was carrying the sack of potatoes, that he was drunk, and that the conductor believed him and his companion to be drunk and told them they would have to get off, as he was "too busy to take care of two drunks and all this freight and big bags," and that he could not take care of them. But the instruction does not deny the conductor's right to prevent the men from getting on the car or to put them off the car for violation of any reasonable rule of the railroad company as to baggage, sobriety or behavior, by stopping the car and ejecting them in a proper manner. Other instructions expressly told the jury that he had this right, and could lawfully use so much force as might be necessary for that purpose. Still others informed the jury that the only cause of action alleged of which there was any evidence was based on a charge that the conductor struck and pushed appellee off the car while it was in motion, that some paragraphs of the complaint charged that he did it negligently and that others charged that he did it willfully. And they strictly limited any right on the part of appellee to the recovery of damages to such as were sustained by reason of being pushed, knocked or thrown from the car by the conductor, negligently and without giving a reasonable opportunity to alight, or willfully and with the intent to injure him. Construed in connection with the other instructions given, the one numbered 4 was not erroneous.

The time allowed for filing appellant's original brief as extended by the court, expired December 31, 1920. Within that time appellant filed a brief, which

3. did not challenge any rulings of the trial court in giving and refusing instructions except the two

above mentioned. But after appellee had filed his brief, appellant filed a petition asking leave to amend its brief by preparing "an amendment under separate cover setting out the motion for a new trial in full, also the instructions given the court in full," which was granted. Appellant reprinted its brief and filed it as an "amended brief," and in addition to the motion for a new trial and instructions inserted therein an additional statement of an "error relied on," a "point" supported by authorities, and a page of argument based upon the alleged additional "error." These must be disregarded. All errors not challenged by appellant's original brief were waived, and could not be brought before the court for review by such an amendment. Rule 22 (Supreme Court) ; *Wellington* v. *Reynolds* (1912), 177 Ind. 49, 55, 97 N. E. 155; Ewbank's Manual (2d ed.) §180a.

The undisputed evidence was that appellee had come from East Chicago the day before he was injured to attend a christening party, and had drunk some 4. whisky that evening and some beer the day of the accident, but he and his witnesses said he was not intoxicated, while appellant introduced evidence that he was. The evidence showed, without dispute, that after his injury appellee was carried by employes of appellant to the Mercy Hospital, at Gary, Indiana, and was there given surgical attention by the physician for appellant company; that he stayed at the hospital from September 11, when he was injured, until Christmas, when the said doctor discharged him from the hospital; that this doctor was the one in charge, though another sometimes took his place, and all that was done for appellee there was by his direction and under his supervision, and that the hospital nurse was subject to his orders from the time the patient entered the hospital as to all treatment given him. Appellee was unconscious when he entered the hospital, and the doctor and

also the nurse did not remember distinctly whether the doctor was at the hospital in attendance on another patient when he arrived, or was sent for. Appellee's clothing was removed by the nurse and attendant before he was taken into the operating room, but the doctor did not remember distinctly where he first saw appellee when appellee was brought into his presence at the hospital; that the doctor, according to his best recollection, was in the emergency ward, working on another case, when appellee was brought into the room, and that a few minutes later the nurse notified him that he was to take care of appellee, but that he did not remember distinctly; that in the interval he saw appellee vomiting, and formed an opinion as to whether appellee was intoxicated, and a short time thereafter was notified, and then attended him as a patient.

Appellant offered to prove by the doctor that appellee was intoxicated at the time the doctor first saw him, before being so notified, but the trial court excluded the offered testimony. This was not error. Appellee was in the hospital, in charge of nurses and attendants who were under the supervision and control of the witness, and had been prepared by them for a surgical operation to be performed by the witness, and had been brought into the presence of the witness in the operating room for the express purpose of submitting to an operation which the witness performed a few moments later. And the mere fact that the witness had not yet been told that he was to operate, instead of some other physician who used the same room, does not bring the case within that exception to the statute which permits a physician to testify about what he observed or learned when he was not engaged in the duties of his profession. Whatever facts the doctor learned as to the condition of appellee, when he was in the emergency room of the hospital awaiting surgical treatment by the doctor, clearly

was learned "in the course of his professional business" within the meaning of the statute. §520, cl. 4, Burns 1914, §497 R. S. 1881.

Some other questions suggested are not sufficiently presented. The conclusion announced makes it unnecessary to consider, and we do not decide, the questions of appellate practice discussed by counsel for the appel-

The judgment is affirmed.