### Abromson *v.* Edmundson et al.

[No. 11,182. Filed June 27, 1922. Rehearing denied November 14, 1922. Transfer denied March 16, 1923.]

1. APPEAL.—*Questions Reviewable.—Overruling Motion for New Trial.—Failure to Bring all Evidence into Record.*—Where the specifications in the motion for a new trial call for a consideration of all the evidence, and part of it is omitted from the record, the court on appeal must hold that the trial court did not commit error in overruling the motion. p. 412.

2. APPEAL.—*Review.—Harmless Error.—Leave to File Amended Complaint.—Subsequent Introduction of Evidence.*—Where the cause was tried on May 21, 1919, and taken under advisement, and on June 10, 1919, appellees, with leave of court, amended their complaint to correspond with the evidence, after which

further evidence was introduced by both parties in February, 1921, *held* that the filing of the amended complaint was not harmful to defendant. p. 412.

3. MECHANICS' LIENS.—*Notice.*—*Sufficiency.*—*Signing in Firm Name by President.*—Notice of a mechanic's lien filed by a partnership is sufficient when signed in the firm name by the president, instead of by the individual members of the partnership. p. 412.

4. APPEAL.— *Questions Reviewable.*— *New Points Raised in Amended Briefs.*— Points and propositions stated in an amended brief not related to any proposition in the original brief cannot be considered. p. 413.

From Jay Circuit Court; *E. E. McGriff,* Judge.

Action by Lewis W. Edmundson and others against David Abromson and others. From a judgment against the named defendant, he appeals. *Affirmed.*

*Moran & Gillespie,* for appellant.

*James R. Fleming,* for appellees.

McMAHAN, J.—Appellees filed a complaint in two paragraphs against Frank Maloney, Lawrence Mullen, and appellant. The first paragraph was for the foreclosure of a mechanic's lien, alleging that appellees, doing business under the name of Prairie Oil Company, had sold and delivered to Maloney and Mullen certain pipe of the value of $157.27 for use in the construction of an oil well on certain real estate for which said parties had a lease for the purpose of drilling an oil well thereon; that within the sixty days allowed therefor appellees filed notice of their intention to hold a mechanics' lien; that Maloney and Mullen sold and conveyed said lease with the oil well thereon to appellant for the sum of $200, at which time appellant had knowledge and notice of said lien, and, as a part of the consideration for said conveyance appellant agreed to pay appellees the said sum of $157.27. The second paragraph was for goods and merchandise sold.

Appellant in his brief says that the first paragraph of

complaint was afterwards amended so that it became an action for conversion, alleging in substance that after appellant had purchased the lease he entered upon the premises, pulled the pipes used in the oil well and converted them to his own use. This is all the information given us relative to the allegations of the first paragraph of complaint upon which the cause was tried.

The court found the facts specially to be in substance as follows:

November 1, 1917, appellees, who were doing business as a partnership under the name of Prairie Oil Company, sold and delivered to Maloney and Mullen certain pipe and casing of the value of $160.60. Said pipe and casing were used for and went into the construction of an oil well on certain described real estate. Appellees filed notice of a mechanic's lien within sixty days and the same was duly recorded, a copy of said notice being set out in the special finding. Appellant removed said pipe and casing from said well and converted the same to his own use, the value of the same when so removed being $160.60. Appellant purchased said leasehold estate, including the oil well, from Maloney and Mullen November 13, 1917. The well from which appellant pulled the pipe was the only well on said real estate.

On these facts the court concluded, as a matter of law, (1) that appellees had a valid subsisting mechanics' lien on said leasehold for $157.27 at the time appellant purchased the same and at the time when he appropriated the pipe; (2) that appellees were entitled to recover from appellant on account of said appropriation the sum of $157.27. Judgment was rendered against appellant for $157.27.

The errors assigned relate to the correctness of the conclusions of law, the overruling of appellant's motion for a new trial, and in the action of the court in per-

mitting appellees to file an amended complaint after the evidence had been heard.

The record discloses that eight witnesses testified at the trial, but in appellant's brief the testimony of six of them has been entirely omitted. Since the specifications in the motion for a new trial call for a consideration of all of the evidence introduced at the trial and this not having been supplied, we hold there was no error in overruling such motion. This is not a case where appellant claims he has set out all of the evidence necessary for a determination of the questions presented and where such contention is admitted by appellee or not controverted.

The record shows the cause was tried May 21, 1919, and the cause taken under advisement. June 10, 1919, appellees were given leave to amend their complaint to correspond with the evidence, and an amended complaint was then filed. Further evidence was introduced by both parties, in February, 1921, and the special finding and conclusions of law filed and judgment rendered. We fail to see where or how appellants were harmed on account of the action of the court in permitting such amended complaint to be filed, especially when the amended complaint and the evidence are not set out.

Appellants' main contention is that the court erred in its conclusions of law: (1) because the notice of mechanics' lien was signed "Prairie Oil Company, by L. P. Grissell, President," instead of by the individual members of the partnership. Such notice is sufficient when signed in the firm name. *Dwyer Brick Works* v. *Flanagan* (1901), 87 Mo. App. 340; *Williams* v. *Bradford* (1891), 21 Atl. (N. J.) 331; *Cary-Lombard Lumber Co.* v. *Fullenwider* (1894), 150 Ill. 629, 37 N. E. 899.

After appellees had filed their briefs herein and after

the cause had been distributed to the court for determination, appellant was given leave to amend his 4. brief. Later appellant filed an amended brief in which he stated a number of points and propositions which were not stated or mentioned in his original brief and not relating to any point or proposition set out in the original brief as cause for reversal.

Under such circumstances we must decline to consider the points presented in the amended brief and not referred to in the original brief. For a case bearing upon the right of the holder of a mechanics' lien to follow a building or material when removed from leased land and when converted, see *Holland* v. *Farrier* (1921), 75 Ind. App. 368, 130 N. E. 823, and authorities therein cited.

Appellant having failed to show any reversible error, the judgment is affirmed.