[S. F. No. 11054. In Bank.—May 25, 1926.]

ELLEN HENNESSEY et al., Appellants, v. THOMAS ROBINETT et al., Respondents.

[1] EJECTMENT—ENCROACHMENT—FINDINGS—ISSUES — PLEADING. — In an action in ejectment wherein plaintiffs allege that defendants encroach upon the southerly two inches of plaintiff's lot, and defendants' answer denies the encroachment, a finding to the effect that defendants own a certain lot of land of specified dimensions on the southerly boundary of the land owned by the plaintiffs; that defendants have maintained a fence between the northerly boundary line of their land and the southerly boundary line of plaintiffs' land for more than twenty years; that the latter and their predecessors in interest acquiesced in the boundary line marked by said fence; that later defendants erected a dwelling-house upon their land and that at all times during the construction of said dwelling-house plaintiffs saw said dwelling-house being constructed, made no objection thereto, but, on the contrary, consented to the erection of said dwelling-house, and had a complete knowledge thereof; and that said dwelling-house is upon the land as marked by said fence for a period of more than twenty years and is upon the land owned and occupied by the defendants, is not responsive to any issue raised by the pleadings.

[2] ID.—BOUNDARIES—REMOVAL OF FENCE—ERECTION OF NEW FENCE. In such action where, before the erection of defendants' dwelling-

house, plaintiffs, with the consent of defendants, removed the old
fence (which encroached upon defendants' property at the front
and upon plaintiffs' property at the rear) and after locating the
true dividing line between the lots, erected a new fence about two
inches northerly of the plaintiffs' southerly line and extending
about sixty feet from the front property line, all question as to
the location of the old fence on an agreed boundary line was elim-
inated, at least so far as the front sixty feet of said fence was
concerned, by the construction of the new fence.

[3] ID.—CONSTRUCTION OF BUILDING—ESTOPPEL—ISSUES—EVIDENCE.—
In such action, no issue was raised by either the pleadings or the
evidence as to the estoppel of the plaintiffs by reason of con-
sent to the construction of the defendants' building, which over-
laps plaintiffs' property by from one and one-half to one and
five-eighths inches, or by failure to object thereto; nor was there
any evidence that defendants' building conforms to the line marked
by the old fence.

[4] ID.—APPEAL—RECORDS.—In such action, where the opening brief
of the plaintiffs (appellants) contains the evidence upon which
they rely and by leave of court they filed a supplement to said
brief incorporating therein the pleadings in the action upon which
they also rely, any defect in the record which theretofore existed
was cured by the filing of the supplement.

(1) 38 **Cyc.**, p. 1970, n. 7.    (2) 9 **C. J.**, p. 246, n. 20.    (3) 21
**C. J.**, p. 1246, n. 33.    (4) 3 **C. J.**, p. 1435, n. 43.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Walter E. Herzinger,
Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Paul F. Fratessa and Fabius T. Finch for Appellants.

R. M. F. Soto for Respondents.

SHENK, J.—Ejectment. The complaint alleges that the
plaintiffs are the owners of a parcel of land on the westerly
side of Eighth Avenue, between Moraga and Noriega Streets,
in San Francisco, having a frontage of 25 feet by a uniform
depth of 120 feet, and that the defendants, who are the
owners of the lot immediately to the south, encroach upon
the southerly two inches of the plaintiffs' lot. The answer
denies the encroachment. The court found that the plain-
tiffs are the owners and entitled to the immediate possession

of the land described in the complaint but found that it is
not true that the defendants are encroaching upon the
plaintiffs' land. The court further found: "That the de-
fendants own a certain lot of land 50x120 feet on the south-
erly boundary of the land owned by plaintiffs; that defend-
ants have maintained a fence between the northerly boundary
of defendants' land and the southerly boundary of plaintiffs'
land for more than twenty years last past; and that, at all
times in the complaint mentioned, plaintiffs and their prede-
cessors in interest acquiesced in the boundary line marked
by said fence, as said boundary line had been established
for more than twenty years last past; that during the month
of September, 1921, defendants erected a dwelling-house
upon the parcel of land so owned by them and that at all
times during the construction of said dwelling-house plain-
tiffs saw said dwelling-house being constructed, made no
objection thereto, but on the contrary consented to the erec-
tion of said dwelling-house, and had a complete knowledge
thereof; that said dwelling-house is upon the land marked
by said fence as hereinbefore set forth for a period of more
than twenty years last past and is upon the land owned and
occupied by the defendants."

From a judgment in favor of the defendants, the plain-
tiffs appeal.

The plaintiffs contend: 1. That the finding above quoted
is not in accordance with any issue raised by the pleadings;
2. That the finding that defendants' house is built on the
line of the old fence is contrary to the evidence; and 3. That
the finding that the plaintiffs knew that the defendants'
house was being built upon their lot and consented thereto
is contrary to the evidence.

Twenty years or more before this controversy arose a fence
was erected along what was then deemed to be the division
line between said properties. The fence encroached upon
the defendants' property from six to eight inches at the
front and upon the plaintiffs' property about one and one-
fourth inches at the rear. The old fence became dilapidated
and the plaintiffs, in 1921, suggested that the same be re-
moved and a new fence constructed at the joint expense of
the parties. To this defendants refused to agree. There-
upon, the plaintiffs, with the consent of the defendants,
removed the old fence and erected a new one at their own

expense, extending about 60 feet from the front property line. The true dividing line between the lots was located and the new fence was placed about two inches northerly of the plaintiffs' southerly line. The defendants, evidently believing that the new fence was on the true dividing line, erected an addition to their dwelling-house flush with the fence and overlapping the plaintiffs' property by from one and one-half to one and five-eighths inches. It appears, from the evidence, beyond question that the defendants are encroaching upon the plaintiffs' land to the extent of said overlap. [1] The finding above quoted is not responsive to any issue raised by the pleadings. [2] All question as to the location of the old fence on an agreed boundary line was eliminated, at least so far as the front 60 feet of said fence was concerned, by the construction of the new fence. The fact that the old fence encroached on the defendants' property and established an agreed boundary line by long acquiescence might have been available to the plaintiffs as a basis for the contention that the old fence line was the division line, but they are not so contending. The removal of the old fence and the construction of the new fence entirely on the plaintiffs' land removed all controversy as to the old fence line. [3] No issue as to the estoppel of the plaintiffs by reason of consent to the construction of the defendants' building at its present location or by failure to object thereto was raised by the pleadings nor does it appear that such an issue was raised by the evidence. There was also no evidence that the defendants' building conforms to the line marked by the old fence.

[4] The only point made by the defendants is that the appeal herein should be dismissed because there was not printed in the appellants' opening brief nor in a supplement thereto the portion of the record on which the appellants rely. The opening brief of the appellants contains the evidence upon which they rely and by leave of court they filed a supplement to said brief incorporating therein the pleadings in the action upon which they also rely. Any defect in the record which theretofore existed was cured by the filing of the supplement.

The judgment is reversed.

Waste, C. J., Seawell, J., Curtis, J., Richards, J., Lennon, J., and Cashin, J., *pro tem.,* concurred.