## CENTRAL DREDGING COMPANY *v.* F. G. PROUDFOOT COMPANY.

[No. 12,602.   Filed October 5, 1927.   Rehearing denied January 13, 1928.   Transfer denied March 3, 1928.]

*West & Eckhart, Tinkham & Galvin* and *Wheaton Augur,* for appellant.

*Bomberger, Peters & Morthland* and *Glenn D. Peters,* for appellee.

NICHOLS, J.—Action by appellee against appellant and Illinois Steel Company founded upon two paragraphs of complaint. The first paragraph seeks the foreclosure of a mechanic's lien on the premises of the defendant, Illinois Steel Company, on the theory of a *quantum meruit*, based upon appellant's alleged prevention of appellee's performance of a contract entered into between appellee and appellant. The second paragraph is founded upon the same theory as against appellant, but seeks to impress a lien upon the properties, moneys and funds in the hands of the defendant, Illinois Steel Company, under §8302 Burns 1914, being §9839 Burns 1926. Answer in denial by appellant.

It appears by the special findings of fact that appellee had entered into a written contract with appellant for the performance of certain parts of the work incident to the construction of a dock at the plant of the Illinois Steel Company at Gary, Indiana. The work to be performed by appellee was the laying of a concrete top to the dock and also the construction of a cofferdam, appellant having the contract with the Illinois Steel Company to construct the whole. At the time appellee went on the work, appellant had done certain parts of the work and had been paid partially therefor, by the Illinois Steel Company. This work which appellant had done was not complete, and was in such condition that appellee could not perform his part of the work until the work which had been theretofore done by appellant had been completed. Appellant refused further to perform, thus preventing appellee from doing his part of the work. Up to the time of this refusal and prevention, appellee had done work to the reasonable value of $8,500, for which partial payment had been made. Appellee elected to treat the contract as rescinded and sued for the reasonable value of the work and materials. From a judgment for appellee, this appeal is prosecuted.

On April 26, 1926, appellant filed its original brief consisting of 138 pages, wherein it was stated that all errors relied upon were embraced in the motion for a new trial. On July 7, 1927, appellee filed its answer brief contending therein that no question was presented for consideration. Thereafter, appellant filed its petition for leave to file an amended brief, which motion was, on December 8, 1926, granted, by indorsement on the petition as follows: "Petition granted and appellant given until January 14, 1927, in which to amend and file original briefs, said amendments to be confined to questions contained in the original briefs. . . . On December 29, 1926, appellant filed an amended brief consisting of 175 pages, in which it undertakes to present nine points for our consideration, two of which relate to alleged errors presented by its motion for a new trial, and seven to alleged errors in the conclusions of law. We must decline to consider all errors as to the conclusions of law, such questions not having been presented in the original brief. The amended brief violates the order of the court in permitting the amendment, and, further, it has been expressly held that errors presented in an amended brief that were not presented in the original brief will not be considered. *Chicago, etc., R. Co.* v. *Walas* (1922), 192 Ind. 369, 135 N. E. 150; *Abromson* v. *Edmundson* (1922), 79 Ind. App. 409, 136 N. E. 22.

In presenting error of the court in overruling its motion for a new trial, appellant contends that finding No. 5. is not sustained by sufficient evidence. By this finding, the court found that the reasonable value of the work performed by appellee was $8,500. It appears by the record that witness Proudfoot testified at one time that the work done was of the value of $5,000 or $6,000 and later that it was of the value of $10,691.48. No other witness testified as to

the value of the work performed including material furnished. Appellant contends that this evidence was so contradictory that the court could not consider it, and that, therefore, there was no evidence of the value of such work performed by appellee. But witness Proudfoot also testified to numerous items of expense paid out for materials, tools, equipment, labor, etc., giving the amount paid out under each such items. The court might have readily reached its conclusion that the work performed was of the value of $8,500, by disallowing some of these items for which appellee claimed credit as improper charges against appellant.

Of this sum, appellee received $1,064.20, leaving a balance due appellee of $7,435.80. Said sum of $1,064.20 received by appellee was for certain repair work mentioned in the contract, and extra work and materials furnished by appellee, and was accepted in full payment for all such work. Witness Proudfoot having testified on cross-examination to the effect that the value of the repair work and extra work was greater than the contract price received therefor, appellant contends that the total value of $8,500 contains a value for repair work and extra work for which there can be no recovery, appellee having been paid in full therefor, and that the amount of recovery is excessive. Conceding, but not deciding, that the contracts for repairs and for extras are separate from the main contract, appellee having proved the full value of his services under a *quantum meruit* complaint, if there should have been deductions therefrom by way of mitigation of the amount of recovery, the burden was on appellant to show the amount thereof.

*Mug* v. *Ostendorf* (1911), 49 Ind. App. 71, 96 N. E. 780. Appellant failed to discharge this burden, and

appellee's right of recovery in the amount found by the court is unaffected.

We find no reversible error.

Affirmed.