[No. 32743. Department One. December 2, 1954.]

*In the Matter of the Adoption of* BABY GIRL DOE, *a Minor.*[1]

[1]Reported in 277 P. (2d) 321.

*Lee L. Newman,* for appellants.

*Arthur G. Barnett* and *E. A. Niemeier,* for respondent.

FINLEY, J.—In this adoption proceeding, Sydney Cross and his wife, Grace (hereinafter called appellants), petitioned the superior court of Kitsap county for the adoption of a minor child. As provided by statute, RCW 26.32.090, the court appointed a next friend for the child. The next friend's report to the court was adverse to granting the adoption. Thereupon, the court appointed the juvenile officer of Kitsap county as an additional next friend. The report of the juvenile officer *was also adverse* to granting the adoption. A hearing was had, as required by statute; RCW 26.32.100. At the conclusion thereof, the court entered a decree denying the petition. The petitioners for the adoption are appealing from the decree.

The child which appellants seek to adopt was originally placed with them by the Washington Children's Home Society (hereinafter referred to as the society), which institution previously had been granted legal custody of the child. The appellants signed an agreement when they obtained the child, in which they promised not to start adoption proceedings during a six-months probationary or pre-adoption period. Prior to the expiration of the six-months period, the society received information that appellant husband had instituted a divorce action a short time before the child was placed for adoption with appellants. Therein, he alleged that appellant wife was given to the habitual use of intoxicating liquors, and that she was unfit to have the care and custody of another child which had previously been adopted by them. This divorce action was subsequently dismissed with the consent of both parties. The society also received other reports concerning appellant wife's use of intoxicants.

After an investigation, the society requested appellants to return Baby Girl Doe, the minor involved in the instant proceedings. They refused. When a representative of the society called at appellants' home to retake physical custody

of Baby Girl Doe, appellants and their attorney advised the society that a petition for adoption of the child had been filed, and that the appellants were therefore entitled to her physical custody. Subsequently, a hearing was held, as mentioned hereinbefore, and a decree was entered denying the petition for adoption and ordering that the appellants surrender the child to the custody of the society.

Appellants set forth five assignments of error in their opening brief, contending that the trial court erred: (1) in denying the petition for adoption; (2) in permitting the respondent, Washington Children's Home Society, to participate in the proceedings; (3) in denying appellants' motion to strike respondent's answer, and in overruling appellants' demurrer to that answer; (4) in failing to provide the appellants with the appearance of an impression of an impartial trial; (5) in failing to find that the society arbitrarily and capriciously refused to give its consent to the adoption.

In their opening brief, appellants did not assign error to any of the trial court's findings of fact. Opposing counsel noted this and, believing the appeal was inadequate, filed a motion in the supreme court to dismiss the appeal or, in the alternative, to strike appellants' assignments of error. Appellants thereupon filed a so-called "supplemental brief," in which they attempted to assign error to certain findings. Lengthy findings were set out verbatim, and error assigned by the "shotgun" method, without specifying what particular parts of the findings were in error. Unquestionably, appellants actually had no dispute whatsoever as to some portions of the findings. In this respect the method used by their counsel in attempting to assign error to the findings is not commendable, as pointed out in *Washington Fish & Oyster Co. v. G. P. Haferty & Co.*, 44 Wn. (2d) 646, 269 P. (2d) 806.

The "supplemental brief" was filed before any brief was filed by respondent society. No permission to file this supplemental brief was requested or granted. At the hearing on respondent's alternative motions, we denied the motion to dismiss the appeal, and passed the alternative motion to

strike appellants' assignments of error until the hearing of the case on the merits. ᴀ At the hearing on the merits, counsel for appellants urged the court to consider his "supplemental brief."

■ For the reasons indicated hereinafter, we are now convinced that we should not consider appellants' "supplemental brief" and the errors they attempt to assign therein to certain findings of the trial court. Absent proper assignments of error, the findings of the trial court become the established facts of this case. Our review of appellants' case, in essence, will be limited to the meritorious questions, if any, raised in appellants' opening brief.

We shall now discuss the matter of the filing of the so-called "supplemental brief." Rule on Appeal 41(1), 34A Wn. (2d) 42, permits the filing of a statement of additional authorities without obtaining leave of court. There is no rule of court specifically permitting the filing of supplemental or amended briefs.

In *Paulson v. Higgins,* 43 Wn. (2d) 81, 260 P. (2d) 318, 266 P. (2d) 800, appellants *presented a motion for leave to file an amended opening brief* to cure their failure to assign error to the trial court's findings of fact. Appellants' motion was made after respondent's answering brief had been filed. We denied it, stating that appellants' failure to assign error properly to the trial court's findings could not be corrected after the filing of respondent's brief.

Obviously, in *Paulson v. Higgins, supra,* there was no occasion to pass upon the question involved in the instant case, that is, the effect, if any, to be given to a supplemental or amended brief filed *without leave of court* by an appellant subsequent to his opening brief, *but prior* to the filing of respondent's brief. However, where an appellant seeks permission or leave of court to file an amended brief before respondent has filed his brief, apparently the privilege is usually granted, subject to terms relating particularly to the matter of costs. *Hennessey v. Robinett,* 198 Cal. 645, 246 Pac. 1043; *Yellowstone Sheep Co. v. Ellis,* 54 Wyo. 288, 91 P. (2d) 53; *Chicago, South Bend & Lake Shore R. Co. v.*

*Walas,* 192 Ind. 369, 135 N. E. 150, 22 A. L. R. 1212. This seems to be a reasonable and fair solution. To some extent, it protects the rights of litigants against carelessness or oversight on the part of counsel, enabling this court on appeal to hear cases on their merits.

However that may be, in the instant case, no leave of court was sought by motion filed by counsel for appellants relative to amendment or supplementation of their opening brief. If the rules on appeal are to serve the purpose of accomplishing an orderly procedure in the handling of cases on appeal, obviously some effect must be given to them. In the absence of a timely motion for permission or leave of court to file the "supplemental brief" involved in this matter, we think that it should not be considered by us on appeal.

The result, as stated previously herein, is that the facts in this case are established by the findings of the trial court. These findings clearly support the conclusions of law entered by the trial court which are adverse to the claims of appellants. In passing, we shall say that we have read the record; that the evidence therein certainly does not preponderate against the findings of the trial court; that appellants would not be entitled to any relief in this connection, even though counsel had complied with the rules in assigning error to the findings of the trial court.

The only other question with any merit at all remaining for consideration is whether or not it was proper for the society to resist appellants' petition for adoption in the manner involved in this case; that is, by the calling of witnesses and the production of evidence against the claims of the appellants. In this connection, it should be noted that the superior court of King county awarded the society the permanent custody of Baby Girl Doe with authorization to consent to her adoption. Furthermore, the statute, RCW 26.32.030, requires that consent to an adoption be obtained from any approved agency to which a minor child has been permanently committed, unless the court in its discretion orders that the consent be dispensed with.

We believe that the foregoing facts imply a right and perhaps a duty on the part of the society to appear in the instant case in opposition to appellants' claims relative to the adoption of Baby Girl Doe. While our adoption procedure is a creature of statute, it is not such a technical one that the trial court is without power to conduct an investigation and to procure evidence of significant facts before granting or denying a petition for adoption, and to allow the intervention in this connection of appropriate and interested parties. It is evident from the record that the trial court was most interested in obtaining factual information from the society. We think it was quite proper to allow the society to participate in the proceedings.

We have herein considered and disposed of those questions raised by appellants which have some semblance of merit and are deserving of consideration by this court on appeal.

The judgment of the trial court is in all respects affirmed.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.