**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| SUSAN TOCH, an individual, | No. 85936-6-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MF OLD MILL VILLAGE, LLC, a foreign limited liability company; and PEAK MANAGEMENT, LLC, a foreign limited liability company, | |
| Respondents. | |

FELDMAN, J. — Susan Toch appeals the trial court's order denying her motion for revision regarding the issuance of a writ of restitution in an unlawful detainer action. Respondents MF Old Mill Village, LLC and Peak Management, LLC, the entities that initiated the unlawful detainer action against Toch, have filed a motion to dismiss Toch's appeal. Although Toch represents herself on appeal, pro se litigants must comply with the same procedural and substantive requirements as attorneys. *In re Vulnerable Adult Pet. for Winter*, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). Here, Toch has failed to comply with the applicable rules in several meaningful respects. We therefore grant Respondents' motion to

dismiss and, accordingly, do not address the merits of Toch's arguments and deny all remaining motions filed by Toch relating to the appeal.

Perhaps most important, Toch's opening brief contains conclusory arguments unsupported by legal analysis. Such "[p]assing treatment of an issue" and "lack of reasoned argument" does not merit judicial consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). We will not consider conclusory arguments that do not cite authority. *See* RAP 10.3(a)(6), 10.4. Nor does Toch provide record citations in stating the operative facts, as required by RAP 10.3(a)(5). Because Toch's brief consists largely of bald assertions lacking cited factual and legal support, she "has failed to present developed argument for our consideration on appeal." *West v. Thurston County.*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012). Accordingly, we do not—because we cannot—address any asserted errors. Toch also attempts to raise new issues in her reply brief, which contradicts RAP 10.3(a)(6). We decline to consider such arguments as well. *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 78 n.20, 322 P.3d 6 (2014) ("To address issues argued for the first time in a reply brief is unfair to the respondent and inconsistent with the rules on appeal.").

Moreover, even if Toch had properly assigned error and supported her arguments as required by our rules, she has failed to provide a sufficient record to enable us to fairly evaluate her arguments. RAP 9.6(c)(1) delineates several required documents that must be provided, including the notice of appeal, the summons and complaint, the answer and other pleadings, "any written order or ruling not attached to the notice of appeal, of which a party seeks review," and "any

written opinion, findings of fact, or conclusions of law." Toch failed to designate many of these documents, including her summons, complaint, and notice of appeal. Further, the only trial court order, opinion, or finding that Toch designated as part of the record on appeal is an order granting limited dissemination. "'The party seeking review has the burden of perfecting the record so that this court has before it all of the evidence relevant to the issue.'" *St. Hilaire v. Food Servs. of Am., Inc.*, 82 Wn. App. 343, 352, 917 P.2d 1114 (1996) (quoting *Allemeier v. Univ. of Wash.*, 42 Wn. App. 465, 472, 712 P.2d 306 (1985)). Toch has failed to do so. Nor did she provide a report of proceedings. And, while she attempts to ameliorate this issue by submitting additional documents as appendices or separate filings, we do not consider such documents. *City of Seattle v. Seattle Police Officers' Guild*, 17 Wn. App. 2d 21, 60, 484 P.3d 485 (2021) ("Under RAP 10.3(a)(8), '[a]n appendix may not include materials not contained in the record on review without permission from the appellate court,' and SPOG does not address the six requirements of RAP 9.11(a) for supplementing the record. Therefore, we decline to consider the appendix.").

Further, in addition to submitting materials that are not contained in the record on review, Toch has also filed additional briefs—beyond those permitted by RAP 10.1—without leave of the court. Under RAP 10.1(b), the parties may file a brief of appellant, a brief of respondent, and a reply brief. Additionally, under RAP 10.1(h), the "court may in a particular case, on its own motion or on motion of a party, authorize or direct the filing of briefs on the merits other than those listed in this rule." Toch filed her brief of appellant on June 30, 2025 and her reply brief on

October 13, 2025. In addition, between June 30 and October 13, 2025, Toch filed numerous additional "opening briefs" without leave of court. Addressing a similar circumstance, our Supreme Court stated:

> If the rules on appeal are to serve the purpose of accomplishing an orderly procedure in the handling of cases on appeal, obviously some effect must be given to them. In the absence of a timely motion for permission or leave of court to file the 'supplemental brief' involved in this matter, we think that it should not be considered by us on appeal.

*In re Adoption of Doe*, 45 Wn.2d 644, 648, 277 P.2d 321 (1954). The same reasoning and result apply here as well.

In her response to Respondents' motion to dismiss, Toch argues she is a person with a disability and her request for an accommodation under GR 33 "provid[es] grounds for leniency and reasonable modification of procedures in filings and deadlines." In granting Toch's request for an accommodation under GR 33, the court specified that Toch may "file individual motions for extension of time to meet specific deadlines" with "consideration . . . given to the need for additional time." Since initiating this appeal in October 2023, Toch has filed ten separate motions to extend court deadlines, all of which have been granted. On this record, Toch's reliance on GR 33 in opposing Respondents' motion to dismiss is misplaced.

Because Toch has failed to provide meaningful legal analysis and a sufficient record to enable us to fairly evaluate her arguments, Respondents' motion to dismiss is granted.

DISMISSED.

_Feldman, J._

WE CONCUR:

_Chung, J._                          _Mann, J._